IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICHOLAS LOBUE and OX MANAGEMENT,
LLC, a New Mexico Limited Liability Company,

        Plaintiffs,

vs.                                                  CIV No. 02-625 JC/JHG

TAMAYA ENTERPRISES, INC., a Federally
Chartered Corporation Wholly Owned by the
Pueblo of Santa Ana, and the Pueblo of Santa
Ana,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendants' Motion and Notice of Motion by Tamaya Enterprises, Inc. to Dismiss for Lack of Subject Matter Jurisdiction, filed July 10, 2002 (*Doc. 3*).[1] Having reviewed the motion, the memoranda and all relevant authorities, the Court finds Defendants' motion well taken, and it is, therefore, granted.

**I.    Background**

On May 30, 2001, OX Management, LLC ("OX") and Tamaya Enterprises, Inc. ("TEI") entered into a written contract ("Contract") to operate and manage the Star Casino Special Events Center, a gaming component of the Santa Ana Indian gaming facility. On October 10, 2001, TEI notified OX that it was terminating the Contract. In accordance with section XX of the Contract, OX filed for arbitration proceedings. Despite OX's request for arbitration, TEI filed an action in Tribal Court seeking to rescind the Contract. Due to OX's failure to appear before Tribal Court, TEI

---

[1] Defendants' Motion will be construed as contesting Plaintiffs' Amended Comp. for Declaratory and Injunctive Relief and to Compel Arbitration (Pls' Amended Comp.), filed August 15, 2002 (*Doc. 12*).

obtained a default judgment against it, which included a complete rescission of the Contract. Consequently, OX filed suit in federal district court requesting a determination that the Tribal Court exceeded its equitable jurisdiction in enjoining arbitration. TEI asserts that this Court does not have subject matter jurisdiction to hear the action. The Court agrees.

## II.     Standard of Review

Granting a motion to dismiss is a harsh remedy that must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading, but also to protect the interest of justice. *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F. 2d 1357, 1359 (10th Cir. 1989). In ruling on a motion to dismiss, the Court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for Deaf and Blind,* 173 F. 3d 1226, 1236 (10th Cir. 1999). In accepting the complaint's allegations as true, the Court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *Ordinance 59 Ass'n v. United States Dep't Interior Secretary*, 163 F. 3d 1150, 1152 (10th Cir. 1998).

## III.    Analysis

### Sovereign Immunity

It is well settled that Indian tribes are immune from suit absent a clear waiver by the tribe or an unequivocal congressional abrogation.[2] *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505 (1991); *EFW v. St. Stephen's Indian High Sch.,* 264 F.3d 1297 (10th Cir. 2001). Plaintiffs argue that this Court has jurisdiction, as the Contract "explicitly" waives TEI's sovereign immunity regarding proceedings to compel arbitration. The problem with this argument, however, is twofold. First, the Contract does not explicitly waive Defendant's sovereign immunity

---

[2] Plaintiffs do not assert that Congress abrogated TEI's sovereign immunity under these circumstances.

in federal court. Second, Plaintiffs must exhaust their Tribal Court remedies and allow that court to first determine whether it has jurisdiction before this Court may assert its jurisdiction.

Regarding the first issue, the Contract states:

> either party hereto may submit [a] dispute, controversy or claim to arbitration administered by the American Arbitration Association in accordance with this provision and the Commercial Arbitration Rules, to the extent such rules are consistent herewith....

Pls' Amended Comp. Ex. A, sec. XX. The Contract proceeds to explicitly grant a limited waiver of TEI's sovereign immunity regarding the arbitration proceedings. Specifically, it states that TEI is not immune:

> ...
>
> (2) for arbitration proceedings brought in accordance with the provisions of this Agreement...for declaratory or injunctive relief...
> ...
> (4) for arbitration proceedings brought in accordance with the provisions of this Agreement and for actions brought in the Pueblo of Santa Ana Tribal Court for the limited purpose of enforcing such arbitration award...."

*Id.*.

Unlike the contract in *C & L Enterprises, Inc., v. Citizen Band Potawatomi Indian Tribe of Okla.,* 532 U.S. 411 (2001), in which the Supreme Court determined that the arbitration provision in the contract specifically waived the Tribe's sovereign immunity,[3] in this case, the Contract clearly does not waive TEI's sovereign immunity in federal court. Thus, although Plaintiffs correctly assert that the Contract specifically provides for a waiver of sovereign immunity to allow for enforcement of the arbitration provision, they are incorrect that the waiver applies to federal court jurisdiction. The

---

[3] The contract in *C & L* stated, "[p]arties to these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." *C & L*, 532 U.S. at 415. The Court determined that this language was sufficiently clear for the Tribe to have waived its sovereign immunity.

Court, therefore, finds that because the Contract does not unequivocally express a waiver of sovereign immunity in federal court, this Court lacks jurisdiction to hear the present action.

<u>Exhaustion of Tribal Court remedies</u>

Plaintiffs request this Court to find that the Tribal Court "exceeded its jurisdiction and that the contract, including its arbitration provisions, should be enforced with declaratory or injunctive relief compelling arbitration." Pls' Answer to Tamaya Enterprises, Inc.'s Mot. to Dismiss (Pls' Answer), filed Aug. 15, 2002 at 5 (*Doc. 11*). As with sovereign immunity, however, well-developed case law holds that due to considerations of comity, tribal remedies first must be exhausted before a federal court may hear the jurisdictional issue.[4] "Promotion of tribal self-government and self-determination required that the Tribal Court have 'the first opportunity to evaluate the factual and legal bases for the challenge' to its jurisdiction." *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 15-16 (1987) (citation omitted). Exhaustion requires that a tribal appellate court have the opportunity to review the determination of the lower tribal court. *Id.* at 16.

In the present case, Plaintiffs chose not to appear before the lower court. Nor did they seek review of the default judgment in the tribal appellate court. They simply argue that "the tribal court, having already had the first opportunity to correctly exercise its jurisdiction, has entered an order that is patently illegal and exceeds its equitable jurisdiction." Pls' Answer at 7. Besides failing to demonstrate how the Tribal Court's order is "patently illegal," Plaintiffs also fail to demonstrate how, without appealing the ruling, they have exhausted their tribal remedies. The Court thus finds that Plaintiffs have not exhausted their remedies in tribal court.

In *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845 (1985), the

---

[4] It is important to note that the exhaustion rule is not a jurisdictional prerequisite but solely a matter of comity. *Id.* at 16 n.8.

Supreme Court carved out three exceptions to the exhaustion requirement. Exhaustion is not "required where an assertion of tribal jurisdiction 'is motivated by a desire to harass or is conducted in bad faith,' or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." *Id.* at 857 n.21 (citation omitted). In the present case, Plaintiffs allege bad faith due to the alleged breach of contract dispute. Yet, this allegation of bad faith is not related to the assertion of Tribal Court jurisdiction. Furthermore, Plaintiffs have not demonstrated any "express jurisdictional prohibition" which the default judgment patently violated. *Bank of Okla. v. Muscogee Nation,* 972 F.2d 1166, 1170 (10th Cir. 1992). Finally, as Plaintiffs did not even attempt to appear for the Tribal Court hearing, they cannot argue that they did not have an adequate opportunity to challenge the court's jurisdiction.

Plaintiffs further argue that another exception, as carved out in *Strate v. A-1 Contractors*, 520 U.S. 438, 459-60, applies. Pls' Answer at 8. In *Strate*, the Supreme Court held that exhaustion is not necessary when appearing before a tribal court "would serve no purpose other than to delay." *Strate*, 520 U.S. at 459 n. 14. Yet, Plaintiffs have not provided evidence that an action in Tribal Court only would serve to delay. In fact, the court clearly has jurisdiction. The only delay, therefore, has been in bringing this action in federal court.

Plaintiffs also contend that a return to Tribal Court is unnecessary, for the Contract stipulates that New Mexico law applies to arbitration and this Court is in as good a position as Tribal Court to interpret this State's law. Pls' Answer at 7. Yet, as discussed previously, TEI has not waived its sovereign immunity in federal court, and as such, this Court is not in as good a position as Tribal Court to interpret New Mexico law in this case. This argument is, therefore, not well taken.

Another argument Plaintiffs assert is that due to the Contract's specific incorporation of the

Commercial Arbitration Rules, TEI has waived its sovereign immunity. As TEI points out, however, the Contract adopts the Rules only "to the extent such rules are consistent herewith." Pls' Amended Comp., Ex. A, section XX. As discussed previously, the Contract does not explicitly waive TEI's sovereign immunity, and thus the Commercial Arbitration Rules cannot be a waiver of Defendant's immunity.

Plaintiffs' final argument seems to be that it is the trial court's duty to represent a party when the party fails to appear before it.[5] Such a specious argument requires little comment. Yet, even assuming the Tribal Court improperly entered the default judgment, this Court does not have jurisdiction to review the order; Plaintiffs must appeal the ruling to the tribal court of appeals.

## IV.   Conclusion

Subject matter jurisdiction does not exist in this Court, for TEI did not explicitly waive its sovereign immunity in federal court. Moreover, due to well-established principals of comity, this Court should stay its hand and allow the Tribal Court to determine, in the first instance, whether it has jurisdiction.

---

[5] Plaintiffs cite to a case in which the district court adopted one party's proposed findings of fact/conclusions of law without regard to the other party's proposed findings and conclusions. This attempted analogy, however, is inapposite to the present issue.

Wherefore,

**IT IS ORDERED** that Defendants' Motion and Notice of Motion by Tamaya Enterprises, Inc. to Dismiss for Lack of Subject Matter Jurisdiction, filed July 10, 2002 (*Doc. 3*) is **GRANTED**.

DATED January 9, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiffs:

    Mark E. Komer, Esq.
    Herrera, Long, Pound & Komer, P.A.
    Santa Fe, New Mexico

Attorney for Defendant:

    Shane Charles Youtz, Esq.
    Nordhaus, Haltom, Taylor, Taradash & Bladh, LLP
    Albuquerque, New Mexico

    Cynthia Kiersnowski, Esq.
    Nordhaus, Haltom, Taylor, Taradash & Bladh, LLP
    Santa Fe, New Mexico